# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SueAnn McCarley,

                     Plaintiff,        Case No. 16-cv-14036

v.                                      Judith E. Levy
                                            United States District Judge
Nancy A. Berryhill, Acting
Commissioner of Social Security      Mag. Judge Anthony P. Patti

                 Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE PATTI'S REPORT AND RECOMMENDATION [20]

On February 12, 2018, Magistrate Judge Anthony P. Patti issued a Report and Recommendation recommending the Court deny plaintiff's motion for summary judgment (Dkt. 14), grant defendant's motion for summary judgment (Dkt. 18), and affirm the Commissioner's decision to deny plaintiff benefits under the Social Security Act. (Dkt. 20.)

Plaintiff filed a timely objection to the Report and Recommendation on February 26, 2018. Where a magistrate judge has submitted a Report and Recommendation and a party has timely filed objections to some or all of the Report and Recommendation, the Court

reviews *de novo* those parts of the Report and Recommendation to which the party has objected. 28 U.S.C. § 636(b)(1).

## I. Background

The Court adopts by reference the background set forth in the Report and Recommendation, having reviewed it and found it to be accurate and thorough. (Dkt. 20 at 2-6.)

## II. Analysis

The Court's review of a determination of the Commissioner of Social Security "is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers*, 486 F.3d at 241).

Plaintiff filed a single objection to the Report and Recommendation, arguing that the Magistrate Judge erred when he upheld the Administrative Law Judge's ("ALJ") determination that

plaintiff could work as a surveillance system monitor given her residual functional capacity ("RFC"). Under plaintiff's theory, the ALJ failed to discharge his duty requiring him to resolve a conflict between two sources of information: a vocational expert and the *Dictionary of Occupational Titles* ("*DOT*"). (Dkt. 21 at 1.) Plaintiff argues that she cannot complete the tasks required of a surveillance system monitor as described in the *DOT*, and the ALJ erred by relying, instead, on the vocational expert's testimony indicating that she could perform those tasks. (*Id.*) Specifically, plaintiff points the Court to the fact that the job of surveillance system monitor requires "frequent" talking and "significant" interaction with people. (*Id.* at 2.) Additionally, a surveillance system monitor must be able to handle more than "simple" tasks. (*Id.* at 4.)

Defendant counterargues that plaintiff has waived these claims, because they are either raised for the first time as objections or cannot be relitigated at the objection stage when they were litigated before the magistrate judge. Alternatively, defendant argues that plaintiff cannot now allege that the vocational expert's testimony conflicts with the *DOT*

3

because she failed to cross examine the vocational expert about such conflicts at the time of the testimony.

A. <u>Waiver of Argument</u>

Defendant's primary argument against granting plaintiff's objection is a procedural one. The Commissioner argues that plaintiff waived her arguments in three different ways. First, plaintiff may not "re-hash her prior complaints with the ALJ's decision." (Dkt. 22 at 3.) Second, plaintiff raises her argument that the duties of surveillance system monitor are inconsistent with her "RFC limitation to 'few, if any, workplace changes'" for the first time at this stage of the litigation. (*Id.* at 6). Third, plaintiff cannot now claim that the vocational expert's testimony is inconsistent with the *DOT* because she did not cross-examine the vocational expert in the administrative hearing on this issue. (*Id.* at 3.)

Defendant's first two arguments are not persuasive because they are logically inconsistent. Defendant essentially argues that plaintiff cannot assert her claims because she already argued them, but also she cannot assert her claims because she did not previously raise them.

4

Defendant cites *Davis v. Caruso*, a 2008 Eastern District of Michigan case, for the proposition that "at this stage of the proceeding, Plaintiff cannot simply re-hash her prior complaints with the ALJ's decision." (Dkt. 22 at 3.) In *Davis,* the plaintiff was not given the benefit of *de novo* review of the magistrate judge's decision because his objection to the Report and Recommendation was untimely, and thus could not be considered. *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008). It is true that the court noted there, in dicta, that the plaintiff "merely rehash[ed] his arguments" rather than filing a specific objection to the Magistrate Judge's Report and Recommendation. *Id.* But, here, plaintiff does "raise a specific objection" to the Report and Recommendation by objecting to the Magistrate Judge's specific finding that the job of surveillance system monitor was consistent with her RFC. (Dkt. 21 at 1.) Plaintiff carried her burden of identifying "specific issues for review," and did not file a "general objection to the entirety of the magistrate's report" such that it has "the same effect[] as would a failure to object." *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant also cites to *Swain v. Commissioner of Social Security*, for her argument that a "claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). It is correct that a "claim raised for the first time in objections to a magistrate judge's report is deemed waived," but plaintiff does not raise a new claim for the first time at this stage of the case. Instead, plaintiff introduces a new wrinkle to an argument she advanced at each stage of her case. Plaintiff specifically objected to the Magistrate Judge's finding that the job of surveillance system monitor is consistent with her RFC. Her argument that "the duties of a surveillance system monitor to 'detect crimes or disturbances' are inconsistent" with her RFC's limitations arises directly from the Magistrate Judge's discussion of this issue. In objecting to the Report and Recommendation, plaintiff raised a specific argument, and did not raise a new claim "for the first time in objections to a magistrate judge's report," as defendant argues. *See Swain*, 379 F. App'x at 517-18 (deeming plaintiff's argument that the ALJ failed to consider his psychological disability waived when that argument was not advanced before the magistrate judge).

Defendant is correct, however, that a "claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Lyon v. Comm'r of Soc. Sec.*, No. 1:11-CV-1104, 2013 WL 1149967, at *4 (W.D. Mich. Mar. 19, 2013) (collecting cases). Here, the hearing record does not indicate that plaintiff's counsel objected at any time to the vocational expert's testimony, nor did plaintiff's counsel suggest that it conflicted with the *DOT*. (*See generally* Dkt. 12-2 at 67-77.) In fact, when the ALJ offered plaintiff's counsel the opportunity to ask questions of the vocational expert, counsel declined the opportunity and allowed the ALJ to conclude the hearing. Plaintiff cannot now raise this claim.

B. <u>Reconciling Conflict between VE Testimony and the *DOT*</u>

Even if considered on the merits, plaintiff's objection cannot be granted. The heart of plaintiff's objection to the Report and Recommendation is that the Magistrate Judge erred when he accepted the ALJ's conclusion that plaintiff could perform the job of surveillance system monitor within her RFC. The ALJ's conclusion was wrong,

7

plaintiff argues, because he failed to reconcile conflicts between the testimony he heard from a vocational expert ("VE") and the *DOT*.

ALJs may "take administrative notice of reliable job information available from the *Dictionary of Occupational Titles*," but "the Social Security regulations do not obligate the ALJ and consulting vocational experts to rely on the Dictionary's classifications." *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) (quoting *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (internal formatting omitted). That said, ALJs have "an affirmative duty to ask VEs if the evidence they provide 'conflicts with the information provided in the *DOT*' and to resolve any 'apparent conflicts.'" *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 435 (6th Cir. 2016) (quoting SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). The Sixth Circuit has explained that "an ALJ satisfies her duty to inquire if she asks the VE whether the VE's testimony is consistent with the *DOT* and receives an affirmative response." *Id*.

Here, the ALJ discharged this duty. At the end of the examination of the VE, the ALJ inquired about the VE's consistency with the *DOT*:

8

> Q: Are the jobs that you've cited and your testimony consistent within the scope of the *Dictionary of Occupational Titles* and its companion publication *Selected Characteristics of Occupations*?
>
> A: Yes, it is. However, information as it relates to time of task, absences and breaks are based upon my 20-plus years of job placement experience.

(Dkt. 12-2 at 75-76.) This exchange satisfies the standard the Sixth Circuit set forth. The ALJ in this case "ask[ed] the VE whether the VE's testimony [was] consistent with the *DOT* and receive[d] an affirmative response." *See Joyce*, 662 F. App'x at 435. Plaintiff urges the Court to view this case as one where the ALJ "reversibly err[ed] by failing to inquire about or resolve a conflict between the *DOT*" and the VE's testimony, a scenario contemplated by the *Joyce* court. *See id.* at 436-37. However, as noted above, the ALJ *did* inquire about conflicts between the *DOT* and the VE's testimony, and, moreover, explicitly noted that "[p]ursuant to SSR 00-4p [he] determined that the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles* and its companion publication *Selected Characteristics of Occupations*." (Dkt. 12-2 at 29.) Thus, the ALJ satisfied the Sixth Circuit's requirements in this area.

What is more, even if a conflict does exist between the *DOT* and the VE, "the Social Security regulations do not obligate the ALJ and consulting vocational experts to rely on the Dictionary's classifications." *Monateri*, 436 F. App'x at 446. In her brief, plaintiff points to alleged conflicts between the *DOT* and the testimony given by the VE, and urges the Court to remand this case so that the ALJ can apply the information in the *DOT* to plaintiff's claim. For example, plaintiff argues the VE's testimony is inconsistent with the *DOT*'s description of surveillance system monitor as "'significant' for people and 'frequent' for talking." (Dkt. 21 at 2.) Plaintiff takes issue with the Magistrate Judge's conclusion that surveillance system monitor "does not involve interaction with members of the general public." (*Id.* (quoting Dkt. 20 at 9-10).)

But, it is within the ALJ's discretion to weigh the evidence and decide which source to follow in making his decision "[b]ecause neither the Commissioner nor the VE has an obligation to employ the *DOT*." *See id.* Here, the ALJ relied on "the evidence of record, including the testimony of the vocational expert" to find that plaintiff is capable of performing the job of surveillance system monitor. (Dkt. 12-2 at 29.)

10

The ALJ's finding that plaintiff can work in this position is consistent with the VE's testimony, which indicated that plaintiff could perform the job of surveillance system monitor even if limited to "occasional interaction with [the] public and co-workers." (Dkt. 12-2 at 73.) Therefore, the ALJ's decision was supported by substantial evidence. (*Id.* at 73-75.)

Nevertheless, plaintiff argues that "remand is required unless the Court can conclude that no possible or apparent conflict remains unresolved." (Dkt. 21 at 6.) Plaintiff cites no legal authority for this proposition, and the argument is not persuasive.

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. 20), plaintiff's motion for summary judgment is DENIED (Dkt. 14), defendant's motion for summary judgment is GRANTED (Dkt. 18), and the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

Dated: March 27, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager
